**GUAM INVESTMENT COMPANY, Inc., et al., Appellants,**

v.

**CENTRAL BUILDING, INC., et al., Appellees.**

**No. 16213.**

United States Court of Appeals
Ninth Circuit.

March 1, 1961.

Finton J. Phelan, Jr., Agana, Guam, John F. Alexander, Honolulu, Hawaii, for appellant.

John A. Bohn, Arriola, Bohn & Gayle,· Charles J. Williams, Benicia, Cal., for appellees.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Before us is an appeal from an order dismissing a complaint on the ground of res judicata. The district court's jurisdiction was based on Title 48 U.S.C.A. § 1424. This Court has jurisdiction under Title 28 U.S.C.A. §§ 1291 and 1294.

Since the order of the district court dismissing the complaint was based on the ground of res judicata, it is necessary to set forth portions of the complaint in the instant case and of the record in the prior case which was held by the district court to have settled and adjudicated all of the issues raised in the complaint in the instant case.

When the district court entered its order dismissing the instant action the only record before the court consisted of appellants' complaint and appellees' motion to dismiss. The record in the prior action—Civil Case No. 49–55 of the District Court of the Territory of Guam —was not before the court, nor was the record of such prior case certified as a part of the record on this appeal as originally filed, but was brought to this Court under a supplemental record on motion of the appellees, pursuant to the direction of this Court and by order of the district court.

Such supplemental record discloses that the plaintiff in the prior action was Guam Savings and Loan Association, one of the defendants in the present action and an appellee on this appeal. The defendants were Central Building, Inc., a defendant in the present action and an appellee on this appeal, Guam Investment Company, Inc., the plaintiff in the present action and one of the appellants on this appeal, Kenneth Dang, a plaintiff in the present action and one of the appellants on this appeal, and several other named and fictitious defendants who are not concerned in the present action or in this appeal.

The complaint in the prior action was denominated "Amended Complaint for Foreclosure of Mortgage." The complaint alleged the execution and delivery by Central Building, Inc. of a note and mortgage to the plaintiff to evidence and secure repayment to the plaintiff of the sum of $50,000, and to secure performance of the terms and conditions of the note and mortgage. The complaint also alleged defaults by Central Building, Inc.

of terms and conditions contained in the mortgage and note. It further alleged that Guam Investment Company, Inc. and Kenneth Dang [plaintiffs in the present action and appellants on this appeal] have or claim to have some interest or claim upon the premises described in the mortgage, which interests or claims are subsequent to and subject to the lien of plaintiffs' mortgage. The prayer of the complaint was for a judgment against Central Building, Inc. for amounts found due and unpaid, for foreclosure of the mortgage and sale of the premises, that persons claiming an interest in the premises be forever barred of all claims therein, and other relief usual in a foreclosure suit. The decree of foreclosure and order of sale entered in the proceedings followed generally the prayer of the complaint. Kenneth Dang sought unsuccessfully to have set aside the Marshal's sale of the premises. The Marshal's sale of the premises was approved and confirmed by the district court.

The complaint in the instant case [omitting formal matters] is as follows:

"II. Central Building, Inc., was incorporated in the unincorporated territory of Guam as a Guam corporation in the year 1953, having a paid in capital stock in the sum of $40,000.00, the incorporators being Anthony C. Lujan, Elizabeth S. Lujan, John T. Martinez, Rafaela V. Martinez and Manual U. Lujan.

"III. Subsequent to the incorporation of said Central Building, Inc., Anthony U. Lujan and John T. Martinez assigned to said corporation a lease covering lots Nos. 38, 39 and 40 of Block 5, City of New Agana; said corporation thereafter acquired leases on all or portions of Lots 41, 42, 43 and 44 of said Block 5.

"IV. Central Building, Inc., commenced construction of a building on said lots in 1953, financing through loans from the Guam Finance and Development Agency, a governmental lending institution, secured by mortgages on said lots; said building was completed on or about the end of the year 1953 and various portions leased to tenants.

"V. On information and belief the Central Building, Inc.'s rental income has been in excess of $21,000.00 per year from the completion of the building to and after the filing of a foreclosure action by the Guam Savings & Loan Association, Inc.

"VI. Defendants Anthony U. Lujan and John T. Martinez, officers of Central Building, Inc., with the knowledge and consent of the other officers and directors thereof during the period herein mentioned diverted corporate funds to their own use, which fact was known to the defendant Guam Savings & Loan Assoc., Inc.

"VII. During 1954 and 1955 various actions were filed against Central Building, Inc., in the District Court of Guam by Pan American World Airways, Marianas Electrical Supply Company, E. E. Perez and others; the filing of these actions being known to the officers and directors of defendant Guam Savings & Loan Association, Inc.

"VIII. On or about September 9, 1954, Guam Savings & Loan Association, Inc., purported to lend Central Building, Inc., $50,000.00, purportedly secured by a mortgage on its premises which mortgage was filed September 10, 1954, and not recorded until June 5, 1955.

"IX. On July 22, 1954, pursuant to a confession of judgment filed on behalf of Central Building, Inc., in an action against it by Pan American World Airways, an order of judgment and writ of execution were obtained pursuant thereto and after compliance with all applicable laws, all right, title and interest of defendant Central Building, Inc., in and to its above-described premises was sold to plaintiff Kenneth Dang in an amount, including interest and costs, of $2,328.98 as evidenced by a Marshal's certificate of sale dated August 15, 1955.

"X. The officers and directors of defendant Guam Savings & Loan Association, Inc., although fully advised and informed of these proceedings failed to appear therein, but permitted the sale of said property to plaintiff Kenneth Dang,

although purporting to hold the mortgage thereon and permitted the redemption period to expire without attempting to exercise their rights.

"XI. On March 19, 1955, one-half of the ground floor area of the Central Building, Inc., premises and an office on the second floor were leased to plaintiff Guam Investment Company, Inc., for five years with an option of four renewals of five years each, plaintiff Dang on behalf of Guam Investment Company, Inc., paying in advance therefor $25,000.00 representing rental for the first five-year period; said lease being executed March 19, 1955, and recorded in Volume 21 of Miscellaneous Photostats at page 184 on March 21, 1955.

"XII. Simultaneous with the execution of said lease Central Building, Inc., gave its mortgage to plaintiff Guam Investment Company, Inc., in the amount of $25,000.00 to secure plaintiff Guam Investment Company, Inc., advance, this mortgage being executed and recorded simultaneously with said lease.

"XIII. On or about March 19, 1955, the purported mortgage held by Guam Savings & Loan Assoc., Inc., allegedly being in default, plaintiff on advice of counsel, paid Guam Savings & Loan Assoc., Inc., $2,166.00 bringing the payments allegedly due on Guam Savings & Loan Assoc., Inc., mortgage to date, plaintiff Kenneth Dang failed to understand what the money was required for, but said plaintiff Kenneth Dang understanding that such action was necessary to protect and preserve his rights.

"XIV. At no time since the execution of the lease and mortgage by Central Building, Inc., to plaintiff Guam Investment Co., Inc., has said Central Building, Inc., made any further payment to Guam Savings & Loan Assoc., Inc.

"XV. On August 11, 1955, Guam Savings & Loan Assoc., Inc., filed in the District Court of Guam its action to foreclose the alleged mortgage held by it in the amount of $50,000.00; as a consequence of said action all right, title and interest of defendant Central Building,

Inc., in the Central Building was sold by the Marshal of the Island Court of Guam to defendant Guam Savings & Loan Assoc., Inc.

"XVI. During the pendency of said foreclosure and action defendant Guam Savings & Loan Assoc., Inc., procured the appointment of one of its own employees as receiver of the 'Central Building, Inc.,' premises and its rents and profits; that said receiver took possession of the said premises and collected rentals in an amount of approximately $32,500.00, which rents and profits are in fact rightfully the property of plaintiffs and has. converted fixtures and chattels of the plaintiffs in the amount of approximately $10,000.00 to defendant's use.

"XVII. The defendant Guam Savings. & Loan Assoc., Inc., were aware of the public sale to plaintiff Dang under the first execution sale, took no steps to assert or protect their rights and estopped themselves as to plaintiff Dang.

"XVIII. On or about the 26th day of July, 1956, defendant Guam Savings & Loan Association, Inc., executed its quit claim deed to Marianas Finance Co., Inc., a company controlled by Guam Savings. & Loan Assoc., Inc., covering all of the latter's right, title and interest in and to said Central Building, Inc.

"XIX. That when defendant Guam Savings & Loan Assoc., Inc., sought to foreclose its alleged mortgage on the said Central Building, Inc., premises, agents of said defendant Guam Savings & Loan Assoc., Inc., acting in conspiracy with said defendant, advised plaintiff Kenneth Dang to abstain from participating in such proceedings for the purpose of facilitating the illegal foreclosure of said alleged mortgage, and plaintiffs were damaged thereby in the sum of $35,000.-00."

The plaintiffs' demand for judgment is. in the following form:

"1. That the Marshal's deed conveying said Central Building to Guam Savings & Loan Assoc., Inc., be canceled and rescinded and that. said Guam Savings & Loan Assoc.,

Inc., conveyance to the Marianas Finance Co., Inc., be likewise canceled and rescinded.

"2. That defendants be required to account for all of the rental proceeds and conversion of chattels of said Central Building, Inc., from and after the date of the appointment of the receiver hereinabove referred to.

"3. That judgment be entered in the sum of $10,000.00 for the chattels converted.

"4. That an accounting be ordered of the Central Building, and that judgment be entered in favor of plaintiffs for such sums as the accounting shall disclose to be due to the plaintiffs.

"5. Plaintiff Dang be declared the owner of said Central Building pursuant to the original Marshal's deed, or that in the alternative, the mortgage of $25,000.00 held by plaintiffs be declared a prior lien on said Central Building."

Appellee filed no answer to the complaint, but instead filed motions to dismiss the complaint on the ground of res judicata based on the premise that the prior proceedings in civil case No. 49–55 resulted in a judgment which finally settled and adjudicated all issues which appellants seek to litigate in the present action as to the appellees.

In the order of dismissal of the complaint the district court stated that it took judicial notice of record in Civil No. 49–55, and that all issues raised in the present case were finally settled and adjudicated in said case and that plaintiffs [appellants] are therefore forever barred and precluded from raising said issues in the present or in any further action. The above mentioned order of dismissal was entered notwithstanding the fact that the appellees filed no responsive pleading to the complaint of appellants, nor was the record in the prior case, Civil No. 49–55, offered or received in evidence.

Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A., which is entitled "General Rules of Pleading", provides in (c) thereof in material parts as follows: "(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * *, res judicata, * * *." The general rule applicable to this situation is well stated in Lowe etc., et al. v. McDonald et al., 9 Cir., 1955, 221 F.2d 228, 230, 15 Alaska 510, as follows:

"As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.[3]

"[3] National Surety Co. v. United States, 9 Cir., 29 F.2d 92, 97; Paridy v. Caterpillar Tractor Co., 7 Cir., 48 F.2d 166, 168; Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 862, 863, 96 A.L.R. 937; Funk v. Commissioner of Internal Revenue, 3 Cir., 163 F.2d 796, 800–801; 20 Am.Jur. 105, Evidence, § 87."

As stated in Paridy v. Caterpillar Tractor Co., 7 Cir., 1931, 48 F.2d 166, at page 169:

"The reason for the rule above referred to is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case in hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him. So, on a plea of res adjudicata, a court cannot judicially notice that the matters in issue are the same as those in a former suit. Such matters must be pleaded and proved. 15 R.C.L. p. 1111, § 42."

It is appellees' position that their motion to dismiss on the ground of res judicata should be treated as a motion for summary judgment under Rule 56(c),

Federal Rules of Civil Procedure, which provides in part that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is to be noted, however, that Rule 12(b) of the Federal Rules of Civil Procedure in substance provides that a defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party; and that if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56. It is to be noted that the defense of "res judicata" is not among the defenses listed in said rule.

■■ While we recognize that there are exceptions to the general rule that the defense of res judicata must be affirmatively pleaded, we are unable to see how some of the uncontroverted allegations of fact contained in the complaint could be disposed of on the ground that there existed no genuine issue as to a material fact. In this connection we note that there are allegations in the complaint concerning matters which occurred subsequent to the judgment of foreclosure in the prior case, as well as charges of fraud and conspiracy, and allegations charging conversion of chattels. It appears to us that before an action may be summarily dismissed on the ground of res judicata the ends of justice require as a minimum that the defense of res judicata appear from the face of the complaint or that the record of the prior case be received in evidence. In the instant case, such defense does not appear on plaintiffs' complaint, nor was the record in the prior case received in evidence.

■ With respect to the allegations of fraud appearing in the complaint, appellees contend that the district court correctly refused to pass upon them because of appellants' failure to state with particularity the circumstances constituting the fraud. We call attention to the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, which grant to a party the right to move for a more definite statement and if the motion is granted the other party is automatically given the right to file a more definite pleading. The summary dismissal of the action by the trial court precluded appellants from pursuing this course.

Attention is also directed to the provisions of Rule 15(a) of the Federal Rules of Civil Procedure, which in substance provides that a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served.

Since we have concluded that the order appealed from should be reversed, we do no deem it proper to pass upon many of the issues discussed in the briefs which the trial court may be required to pass upon on remand of the case.

The order appealed from is reversed and the matter is remanded to the district court for trial on the merits after appellees shall have had an opportunity to file their answer and the appellants to amend their complaint, if they be so advised.