John CONCORDIA, Plaintiff-Appellant,

v.

J. Thomas BENDEKOVIC, Jr., Lt. G. Simpson, Bruce Lee McCormick, Leonard Leo Lanham, et al., Defendants-Appellees.

No. 81–5777.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1982.

Frank E. Maloney, Jr., Earl L. Butler, MacClenny, Fla., for plaintiff-appellant.

Michael C. Spring, Miami, Fla., for Bendekovic.

Before HILL and CLARK, Circuit Judges, and SCOTT.*, District Judge.

JAMES C. HILL, Circuit Judge:

In this appeal we are asked to reverse the judgment of the district court holding that principles of res judicata require dismissal of the appellant's action brought under § 1983 and § 1985. In view of the insufficiency of the record we vacate the district court's judgment and remand with instructions.

### I.

On November 27, 1979, John Concordia filed this action in the federal district court for the southern district of Florida. In Count I of his complaint, Concordia alleged that on March 29, 1977, J. Thomas Bendekovic, a Plantation, Florida police officer, stopped the plaintiff at a red light in Broward County, Florida. Concordia alleged that Bendekovic, dressed in plain clothes and driving a van with no police markings, identified himself as a police officer and accused Concordia of committing a traffic violation. Concordia claims that a scuffle then ensued, that Bendekovic "acted outside of his jurisdiction and without authorization of law," and that Bendekovic beat the plaintiff unnecessarily causing injury. Record at 2. In Count II of the complaint, Concordia alleges that the other individual defendant employees of the city conspired to cover up the deprivation of the plaintiff's rights alleged in Count I.

On December 17, 1979, the defendants filed a Rule 12(b)(6) motion to dismiss the plaintiff's action. They argued that the doctrine of collateral estoppel bars the plaintiff's action. In their memorandum of law in support of their motion to dismiss, the defendants alleged (referring to an action in state court which Bendekovic had presumably brought against Concordia) that on August 9, 1977, Concordia had initiated a counterclaim against Bendekovic and the city of Plantation alleging that Bendekovic was liable for assault and battery. Exhibit A attached to that memorandum consists of an answer and counterclaim by Concordia to Case No. 77–9778 "Richardson, J" filed on August 9, 1977, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. This counterclaim alleges that on March 29, 1977 Bendekovic assaulted Concordia and seeks damages. Counts II and III of this counterclaim allege that Concordia is entitled to damages from the city of Plantation as a result of this incident. Exhibit B of the present defendants' memorandum consists of a true copy of a final judgment dated December 12, 1979 in Case No. 77–9778— Richardson granting plaintiff Bendekovic $96.50 compensatory damages and $1.00 punitive damages against Concordia and denying relief to Concordia on his counterclaim. On June 30, 1981, the district judge ordered the present action dismissed based on the record described above. Judge Hastings stated:

In the instant case, Plaintiff John Concordia alleges that he was denied his civil rights in that he was beaten 'unnecessarily,' 'willfully,' and 'with excessive force.' His claim under Title 42, United States Code, Section 1983 makes substantially the same challenges which were raised by his Counterclaim in the prior State Court proceeding. Those issues having been

* Honorable Charles R. Scott, U.S. District Judge for the Middle District of Florida, sitting by designation.

considered and resolved against the Plaintiff may not be reconsidered here absent an allegation that plaintiff was denied a full and fair opportunity to litigate his claim in the State Court.

This appeal followed.

## II.

█ It is well-established that where a party moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as if it were a motion for summary judgment under Rule 56.[1] *Murphy v. Inexco Oil Co.,* 611 F.2d 570 (5th Cir.1980); *Moch v. East Baton Rouge Parish School Board,* 548 F.2d 594 (5th Cir.), *cert. denied,* 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977); C. Wright, Law of Federal Courts, 3d ed. § 66 (1976). Most courts view "matters outside the pleading" as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for the pleadings. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969). "Memoranda of points and authorities as well as briefs and oral arguments, however, are not considered matters outside the pleadings for purposes of conversion." *Id.* (footnote omitted).

In the case at bar, the defendants have raised the defense of res judicata[2] in the form of a Rule 12(b)(6) motion supported by the exhibits above mentioned. Res judicata, however, is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c). *Moch v. East Baton Rouge Parish School Board,* 548 F.2d at 596 n. 3; *Sherwood v. Pearl River Valley Water Supply District,* 427 F.2d 717 (5th Cir.) (Godbold, J., dissenting), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970); *Guam Investment Co. v. Central Building, Inc.,* 288 F.2d 19, 24 (9th Cir.1961). Nevertheless a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint. *Pearl River Valley,* 427 F.2d at 718 (Godbold, J., dissenting); *Guam Investment Co.,* 288 F.2d at 24 ("It appears to us that before an action may be summarily dismissed on the ground of res judicata the ends of justice require as a minimum that the defense of res judicata appear from the face of the complaint or that the record of the prior case be received in evidence."); *Florasynth Laboratories, Inc. v. Goldberg,* 191 F.2d 877 (7th Cir.1951). We must first address whether the record affords sufficient information from which the district court could dismiss the complaint on the grounds of res judicata.

---

1. The last sentence of Rule 12(b) provides:

   If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

   Fed.R.Civ.P. 12(b).

2. The doctrines of both res judicata and collateral estoppel deal with the issue preclusive effect of prior adjudications. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the parties."

*Kremer v. Chemical Construction Corp.,* —— U.S. ——, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982). Scholars might argue as to which doctrine—res judicata or collateral estoppel—applies to the prior adjudication of a factual issue which forms the basis of a § 1983 action. Since the record does not indicate whether the factual issue was actually and necessarily litigated in a prior proceeding or whether there was a final judgment, we find it unnecessary to pass on this issue. The distinction between these two doctrines for purposes of this appeal is important only in determining the degree of finality required to apply each doctrine. *See* Restatement of Judgments 2d § 13. *See also Quarles v. Sauger,* 687 F.2d 344 (11th Cir.1982) ("The term 'res judicata' has been applied to both claim preclusion and issue preclusion."). Throughout the remainder of this opinion, we will, unless otherwise noted, use the term res judicata to describe the preclusive effect which should be given to the prior adjudication.

■ In determining the validity of a plea of res judicata, a court must determine whether the issue in the present action is identical to the one decided in the prior proceeding, whether the prior litigation reached a final judgment on the merits, and whether the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 1439–40, 28 L.Ed.2d 788 (1971); *Southern Jam, Inc. v. Robinson,* 675 F.2d 94, 96 (5th Cir.1982).[3]

The record consists of the defendants' allegation that the issue of assault and battery was litigated in the state proceeding, a copy of Concordia's counterclaim in Case No. 77–9778—Richardson alleging essentially the same facts regarding Bendekovic's alleged assault and battery on Concordia, and a copy of a judgment in the state proceeding denying Concordia relief on the counterclaim. While this evidence suggests that the underlying issue of the present case was litigated in the state court, it does not satisfy all of the requisites necessary to invoke the doctrine of res judicata. For example, the evidence does not indicate that the issue was actually litigated or that there has been a final judgment in the state proceeding.[4]

Additional evidence, preferably a copy of the state trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Guam Investment Co. v. Central Building, Inc.,* 288 F.2d 19 (9th Cir. 1961); see *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 510 n. 38 (4th Cir. 1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Sardo v. McGrath,* 90 U.S.App.D.C. 195, 196 F.2d 20, 22, 23 (1952) (legal memoranda of points and authorities are not mentioned in Rule 56 and cannot be "classed inferentially among the documents in which extra pleading matters may be presented for purposes of summary judgment"); *Ellis v. Cates,* 178 F.2d 791, 793 (4th Cir.1949), *cert. denied,* 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373 (1950), *cert. denied,* 342 U.S. 870, 72 S.Ct. 113, 96 L.Ed. 655 (1951) (court should not hesitate to look at its own records to see what they disclose).

■ In the case at bar, the record of the state court proceedings was not introduced. No certified or exemplified copies of the pleading record or judgmental material were ever presented. The district judge accepted the copies of Concordia's state counterclaim and the copy of the state judgment as correct representations of what the state trial court's record con-

---

**3.** In *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court granted federal trial courts broad discretion to permit the offensive use of collateral estoppel. The court, however, indicated that considerations of fairness to the defendant in foreclosing relitigation of an issue limit the exercise of this discretion. *Id.* at 331–32, 99 S.Ct. at 651–52. *See also Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 979 n. 11, 59 L.Ed.2d 210 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of the procedures followed in the prior litigation."). In the case at bar, the plaintiff has not alleged that the state proceeding in question was unfair.

**4.** Indeed, since oral argument we have received two letters from the appellees in this case relat-

ing to an appeal of the state court decision. The letter dated August 16, 1982 contains a copy of an opinion of the Florida Fourth District Court of Appeal in Cases No. 81–672 and No. 81–913 styled Concordia, appellant, v. J. Thomas Bendekovic, Jr. and City of Plantation affirming a decision of Judge George Richardson, Jr. of the Circuit Court for Broward County. The decision is presumably, but not conclusively, an appeal from Case No. 77–9778—Richardson. The letter dated September 27, 1982 contains a copy of the state court of appeal's order denying the appellant's motion for rehearing in Cases No. 81–672 and 81–913. These decisions do not alter our conclusion based on the record that a question exists as to whether a final judgment has been rendered in a prior state proceeding.

tained. This evidence does not satisfy the minimum requirement that the defense of res judicata appear from the face of the complaint. *See Guam Investment Co.* 288 F.2d at 24. We, therefore, remand to the district court.

### III.

Because on remand the district court must now consider an issue that was the basis of its original opinion and that issue has been fully briefed and argued in this court, sound judicial administration requires us to discuss the merits of this claim. The parties' central disagreement revolves around whether the federal district court should have given preclusive effect to issues raised in the state action. The state court counterclaim raised the issue of whether Officer Bendekovic was liable for assault and battery arising from the March 29, 1977 incident. The issue properly framed for the district court on remand should not be the res judicata effect to be given to the state proceeding in this action brought under § 1983 and § 1985, but rather whether the state proceedings themselves satisfy the final judgment requirement and whether the state court actually and necessarily addressed the assault and battery question.

█ There can be no dispute that if the state proceedings satisfy the requirements for invoking res judicata, the district court must apply the doctrine in the present case. In enacting § 1983, Congress "was adding to the jurisdiction of the federal courts, not subtracting from that of the state courts." *Allen v. McCurry,* 449 U.S. 90, 99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980); *see Monroe*

*v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961). In *Allen v. McCurry,* the Supreme Court articulated the basic doctrines to be applied to prior state court adjudications of issues presented in § 1983 and § 1985 actions. The Court held that the doctrine of collateral estoppel was applicable to McCurry's § 1983 action for damages arising from a search and seizure when his constitutional allegations had been adjudicated in a prior state proceeding. The *McCurry* Court did not answer "the question whether a § 1983 claimant can litigate in federal court an issue he might have raised but did not raise in previous litigation." *Id.* 449 U.S. at 94 n. 5, 101 S.Ct. at 415.[5] The Court, however, endorsed the line of cases which held that § 1983 "presents no categorized bar to the application of res judicata and collateral estoppel concepts." *Id.* 449 U.S. at 97, 101 S.Ct. at 416 (footnote omitted). The Court held that § 1983 does not authorize a litigant to relitigate in a federal forum an issue already determined by a state court. *Id.* 449 U.S. at 104, 101 S.Ct. at 420 ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all") (footnote omitted).

Both parties in the present case apparently agree (though the record, discussed above, is deficient) that one of the issues before the state court in Case No. 77–9778 —Richardson consisted of whether Bendekovic had assaulted Concordia on March 29,

---

5. In *Chapman v. Aetna Finance Co.,* 615 F.2d 361 (5th Cir.1980), this court addressed a similar question in the context of a suit brought under the Truth in Lending Act. The petitioners had allegedly defaulted on their debts. The respondents commenced foreclosure actions in Georgia state courts. The petitioners almost immediately thereafter brought suit in federal district court, but did not assert their Truth in Lending claims as compulsory counterclaims in the state actions as required by Georgia law. The state cases proceeded to judgment in favor of the respondents. The panel held that the federal full faith and credit act, 28 U.S.C.

§ 1738 (1976), did not compel dismissal of the federal actions. The court, however, held as a matter of comity that the Georgia statute regarding compulsory counterclaims precluded federal adjudication of the Truth-in-Lending claims not asserted in the Georgia state court suits. Similarly, in the case at bar, Concordia's counterclaim in the state proceedings was apparently compulsory under Florida law. Had the present action reached final judgment before the state action, the doctrine of res judicata would presumably have been applied by the state court.

1977. On remand, the district court should determine on the basis of a complete record whether this issue was actually litigated and whether the state court has rendered a final judgment. If the record indicates that a final judgment has been rendered and that the issue of Bendekovic's alleged assault and battery was actually and necessarily litigated, the district court should reinstate its order dismissing the case. *Southern Jam, Inc. v. Robinson,* 675 F.2d 94 (5th Cir.1982).[6] This court will not undertake an initial examination of whether the state court judgment is final or whether the plaintiff was temporarily deprived of a federal forum by application of the abstention doctrine based upon an inadequate and incomplete record. *See Allen v. McCurry,* 449 U.S. at 101 n. 17, 101 S.Ct. at 418 n. 17; *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Southern Jam,* 675 F.2d at 97 n. 5. If the appellant wishes to make such an assertion, he should be given the opportunity to develop a record upon which he might base such a claim. Accordingly, the district court judgment is vacated and remanded with the instruction that it be reinstated if the appellant fails to assert or establish such claims.

VACATED and REMANDED.

---

**6.** In *Southern Jam,* we held that if state law would bar a § 1983 plaintiff from raising issues in a subsequent suit in state court, the plaintiff may not raise these claims in federal court. The present case is distinguishable from *Southern Jam,* in that Concordia brought his § 1983 suit before the state court had rendered a judgment and could not have removed the state action to federal court. *See, Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1931) (case may be removed only if federal question appears on the face of a well-pleaded complaint); *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Rath Packing Co. v. Becker,* 530 F.2d 1295, 1303 (9th Cir. 1975), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1597, 51 L.Ed.2d 803 (1977) ("Removability cannot be created by defendant pleading a counterclaim presenting a federal question under 28 U.S.C. § 1331."). Whether or not a plaintiff who has lost the race to the courthouse and finds himself forced to litigate a potential § 1983 claim in the state judicial system should be allowed to remove the action to federal court is a question for congressional, not judicial, determination.