**Gordon W. JONES, Plaintiff-Appellant,**

v.

**O.D. GANN, etc., et al.,
Defendants-Appellees.**

**No. 82–8489
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 18, 1983.

Gordon W. Jones, pro se.

Downey, Cleveland, Moore & Parker, Lynn A. Downey, Marietta, Ga., for defendants-appellees.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Jones filed this § 1983 action alleging that the defendants violated his civil rights in the enforcement of a Marietta city ordinance. Jones alleged that he had been prosecuted under the ordinance but had been discharged from the conviction by the Superior Court of Cobb County, Georgia. That court had ruled, however, that the city could retain the fine originally assessed against Jones. Jones contended in his present complaint that defendants had no legal basis upon which they could retain his money and that their actions in retaining his money violated the United States Constitution. He also alleged that in the process of enforcing the citation, individual defendants Gann, Griffin, and Crane committed numerous tortious acts.

The city and the mayor filed a motion for summary judgment alleging that after the actions of which Jones complains and prior to the filing of the instant action, another federal court had dismissed with prejudice an action by Jones raising the same issues as those raised in the present action. The district court dismissed the instant action on the grounds of res judicata. Defendants Griffin, Crane, and Gann later filed a summary judgment motion alleging that the issues raised in this case had previously been adjudicated in actions in both federal and state court. The district court granted their motion for summary judgment on res judicata grounds and dismissed the action. We affirm the district court's order dismissing the action against the city and the mayor but vacate the order dismissing the action against defendants Gann, Griffin, and Crane.

As a preliminary matter, appellees assert that Jones' notice of appeal filed on August 2, 1982 was not timely. They argue that the notation made upon the final judgment order indicates that the judgment was filed on June 29, 1982. The docket sheet contradicts this notation, indicating that the judgment was actually entered on the docket on July 1, 1982. The time for filing a notice of appeal begins to run not on the date that the judgment is filed but on the date the judgment is actually entered on the docket. *See United States v. Rothseiden,* 680 F.2d 96, 97 (11th Cir.1982); Fed.R. App. 4(a)(b); Fed.R.Civ.P. 58; Fed.R.Civ.P. 79(a). We conclude that Jones' notice of appeal was timely.

On the merits, Jones contends that the district court erred in concluding that this action is barred by former state and federal suits. In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that a § 1983 litigant could be collaterally estopped from asserting claims which he could have litigated in a prior state proceeding. In *Southern Jam, Inc. v. Robinson,* 675 F.2d 94, 96–97 (5th Cir. Unit B 1982), the court extended this principle to issues that the litigant might have raised but did not raise in the prior proceeding provided that he had a full and fair opportunity to raise the issues. The law of the state of the court rendering a prior state decision determines the scope of the estoppel defense. *Id.* at 97–98; 28 U.S.C. § 1738 (1976). In *Southern Jam,* the court noted that the law of Georgia is clear:

A party must raise any claim against an opposing party which arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, so long as the presence of a third party is not required. Failure to plead that claim then precludes that party from asserting it in a separate, second litigation. Ga. Code § 81A–113(a); *see generally P & J Truck Lines, Inc. v. Canal Insurance Co.,* 148 Ga.App. 3, 251 S.E.2d 72 (1978).

675 F.2d at 98. The same principles apply to the res judicata effect of prior federal

court judgments. See *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982).[1]

■ The record does not indicate that Gann, Griffin, and Crane and the allegations against them were involved in the prior state or federal proceedings. Many of Jones' claims in the present action constitute state law torts, some of which provide possible bases for a § 1983 claim.[2] The dissimilarity of the claims in the suits indicates that the presence of Gann, Griffin, and Crane would have been required in any prior adjudication of these claims. Appellant has not merely substituted different defendants for the same cause of action. We conclude that under Georgia or federal law as applied to a § 1983 action these three defendants could not raise the bar of res judicata.

Jones also argues that the district court erred in dismissing his action against the city and the mayor on res judicata grounds. In *Concordia v. Bendekovic,* 693 F.2d 1073 (11th Cir.1982), the court emphasized that when addressing a claim of res judicata, a court must examine the record to determine whether the issue has been actually or could have been litigated and to ascertain whether there has been a final judgment in the other proceeding. Although the court expressed a preference for a copy of the record of the prior proceedings, it did not conclude that such was a prerequisite for successful assertion of a res judicata claim.

■ In *Concordia,* the court distinguished between a Rule 12(b) dismissal motion and a Rule 56 motion for summary judgment based on a res judicata claim. *Id.* at 1075–76. A party may raise a res judicata defense by a Rule 12(b) motion when the defense's existence can be judged on the face of the complaint. *Id.* at 1075. A party

may successfully raise this defense in a Rule 56 summary judgment motion by introducing sufficient information into the record to allow the court to judge the validity of the res judicata defense. *See id.* The defendant in *Concordia* failed to satisfy this burden, introducing only a copy of a counterclaim in a prior state proceeding and a copy of a judgment which denied the plaintiff relief on this counterclaim but did not indicate the basis for the state court's conclusion.

In the case at bar, the city and the mayor answered Jones' complaint, raising res judicata principles as an affirmative defense pursuant to Fed.R.Civ.P. 8(c). They then moved for summary judgment including in the record a copy of two orders in the prior case of *Jones v. City of Marietta,* C.A. No. 80–1779A (N.D.Ga.). The June 19 order dismissed that action with prejudice, indicating that the prior proceeding reached a final judgment. We must therefore determine whether the April 28 order provides a sufficient basis for determining which issues were or could have been raised in that proceeding. This order indicates that Jones had argued that the city's regulations regarding the automobile ordinance violated the fourth, fifth, and fourteenth amendments of the United States Constitution. Specifically, Jones argued in No. 80–1779A that (1) the regulations were unconstitutionally vague; (2) the regulations were not uniformly enforced and were used to harass certain persons; (3) enforcement of the regulations amounted to a "taking" of plaintiff's property without due process of law; and (4) enforcement of the regulations denied Jones equal protection of the law.

■ The record indicates that Jones' present claims against both the city and the mayor raise the same issues which either were raised or could have been raised in the

---

1. Jones had filed several suits in both state and federal court prior to bringing the present action. The district court premised its order dismissing the city and its mayor on a prior adjudication in federal court, *Jones v. City of Marietta.* C.A. No. 80–1779A. The district court based its decision dismissing Gann, Griffin and Crane on the Georgia Supreme Court's decision in *Jones v. City of Marietta,* 248 Ga. 773, 285 S.E.2d 730 (1982).

2. We need not determine whether these claims are sufficient to survive a dismissal motion under Fed.R.Civ.P. 12(b)(6) since the issue was not properly raised before the district court.

prior proceeding. Jones has failed to present any evidence indicating that the orders in C.A. No. 80–1779A do not accurately reflect the complete record of that case. We therefore conclude that principles of res judicata bar the plaintiff from relitigating his claims against the city and the mayor in the instant action. *Southern Jam, Inc. v. Robinson,* 675 F.2d 94, 96–98 (5th Cir. Unit B 1982). The district court's disposition of C.A. No. 80–1779A by way of settlement does not alter our conclusion, *Jones v. Texas Tech University,* 656 F.2d 1137, 1142 n. 2 (5th Cir.1981), and reinforces our conclusion that the prior judgment involved actual litigation of Jones' claims, *see Astron Industrial Associates v. Chrysler Motors Corp.,* 405 F.2d 958, 960 (5th Cir. 1968) (dismissal with prejudice constitutes a final judgment on the merits).

We affirm the order of the district court dismissing the present action against the city and the mayor. We vacate and remand the court's order dismissing this action against defendants Griffin, Crane, and Gann.

AFFIRMED in part; VACATED and REMANDED in part.