**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kimberly K. BAILEY, Defendant— Appellant.**

No. 03–50435.

D.C. No. CR–00–01242–JTM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 12, 2004.

Barbara L. Major, San Diego, CA, for Plaintiff–Appellee.

Kimberly K. Bailey, San Diego, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM**

Kimberly Bailey appeals her conviction for conspiracy to murder, kidnap, and maim a person in a foreign country and use of interstate commerce facilities in commission of a murder for hire. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the conviction.

■ The district court did not abuse its discretion in refusing to give a self-defense instruction to the jury. A self-defense "instruction must be given if there is evidence upon which the jury could rationally sustain the defense." *U.S. v. Jackson,* 726 F.2d 1466, 1468 (9th Cir.1984). The use of force is only justified "when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force." *U.S. v. Keiser,* 57 F.3d 847, 851 (9th Cir.1995) (quoting and approving model jury instruction on self-defense). There is no evidence from which a reasonable jury could find that Bailey's attempt to hire a professional killer, over the span of several months, was motivated by an *immediate* threat to her life. Therefore the district court did not abuse its discretion by refusing to instruct the jury on self-defense.

■ Nor did the district court abuse its discretion in deciding not to reopen the case to take judicial notice of the *Miller* opinion in order to impeach a witness.[1] After the close of evidence, defense counsel asked to read from the factual findings in *U.S. v. Miller,* 874 F.2d 1255 (9th Cir. 1989), to impeach a government witness who was implicated in the crime for which Miller was convicted. Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice unless the proceedings of the previous case are put into the record. *Guam Inv. Co. v. Central Bldg., Inc.,* 288 F.2d 19, 23 (9th Cir.1961). Here the district court found that the witness had been impeached in many ways and therefore exercised its discretion against reopening the case to allow the *Miller* proceedings into evidence. *U.S. v. Ramirez,* 608 F.2d 1261, 1267 (9th Cir.1979) ("[R]eopening of a criminal case after the close of evidence lies within the sound discretion of the court."). Given the extensive cross-examination of the witness and the amount of impeachment testimony already in the record, we conclude that the district court did not abuse its discretion in declining to take judicial notice of the *Miller* opinion.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Bailey also argues that the district court erred in not taking judicial notice of the witness's guilty plea and a related case, *U.S. v. Miller,* 984 F.2d 1028 (9th Cir.1993), however, defense counsel never asked for judicial notice to be taken of the guilty plea and second *Miller* opinion. Given that the witness admitted to the guilty plea and the 1993 *Miller* opinion is even less relevant to the witness's credibility than the 1989 opinion, we refuse to find that it was plain error not to take judicial notice of these facts.