David E. PETERSON, individually, and Annie M. Peterson, individually, Plaintiffs,

v.

JPMORGAN CHASE BANK, NA, Bayview Loan Servicing, LLC, and M & T Bank Corporation, Defendants.

CASE NO. 16–81206–CIV–MARRA

United States District Court, S.D. Florida.

Signed 11/28/2016

Brett Allen Elam, Brett A. Elam, P.A., West Palm Beach, FL, for Plaintiffs.

Thomas Holland Loffredo, Rebecca Amelia Victoria Rodriguez, Grayrobinson, P.A., Fort Lauderdale, FL, Benjamin Weinberg, Brendan I. Herbert, Len Cosgrove LLC, Coral Gables, FL, for Defendants.

## ORDER [1]

KENNETH A. MARRA, United States District Judge

This cause is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (DE 11); Defendant Bayview Loan Servicing, LLC and M & T Bank Corporation's Motion to Dismiss (DE 13); Defendant Bayview Loan Servicing, LLC and M & T Bank Corporation's Motion for Sanctions (DE 28); Defendant JPMorgan Chase Bank, N.A.'s Motion for Relief from Order Staying Case (DE 33). The motions to dismiss are fully briefed. No response to the motion for relief has been filed. The Court has carefully considered the Motions and is otherwise fully advised in the premises.

On October 25, 2016, the Court entered an order staying the case until the resolution of the related state court proceeding pursuant to the *Colorado River* absention doctrine. (DE 31.) On October 31, 2016, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed the motion for relief along with supporting documents showing that the post-judgment motions pending in the state action have been resolved. As such, the Court agrees that the stay previously entered is no longer appropriate and the Court will now address the remaining arguments in Defendants' motions to dismiss.[2]

██ As stated in the Court's prior Order, with respect to the arguments pursuant to the *Rooker–Feldman* doctrine, the record does not indicate whether the appeal process has been completed. See Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th

Cir. 2009) ("state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment"). Therefore, the Court cannot dismiss the Complaint on the basis of *Rooker–Feldman*.

As for the arguments for dismissal pursuant to *res judicata* or collateral estoppel, these are affirmative defenses and are not appropriate for consideration at this stage of the litigation. Diaz v. Sheppard, 85 F.3d 1502, 1504 n.2 (11th Cir. 1996); Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). Furthermore, the record is not adequately developed for the Court to rule on the applicability of these defenses to the facts alleged herein.

Given that Plaintiff's negligence and wrongful foreclosure claims address the actions of Defendants with respect to the foreclosure and bankruptcy proceedings, any such claims are barred by Florida's Litigation Privilege. The Supreme Court of Florida has held that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 384 (Fla. 2007) (internal citation omitted) (applying the litigation privilege to default letters and denying borrower's claim). Relying on Florida's litigation privilege, courts have dismissed claims by finding that the filing of a claim in a judicial

---

1. The Court presumes familiarity with its prior Order.

2. Plaintiffs David and Anne Peterson ("Plaintiffs") filed a three count Complaint against Defendants Chase Bank, Bayview Loan Servicing, LLC ("Bayview"), M & T Bank Corpo-

ration ("M & T") (collectively, "Defendants") for negligence against Chase (count one) and Bayview (count two) and wrongful foreclosure against Chase, Bayview and M & T (count three).

proceeding cannot form the basis for a lawsuit. Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Insurance Co., 639 So.2d 606, 608 (Fla. 1994) (reasoning that "[j]ust as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct."); Korman v. Gray, 13–80031–CIV, 2013 WL 6002211, *3 (S.D. Fla. Nov. 12, 2013) (stating that "Florida's litigation privilege provides Defendants with absolute immunity for acts occurring during the course of judicial proceedings") (citing Jackson v. BellSouth Telecommunications., 372 F.3d 1250, 1274 (11th Cir. 2004)).

■ Here, the activities about which Plaintiffs complain—the foreclosure and the filing of a proof in a bankruptcy action—are inherently part of a judicial proceeding. Accordingly, the litigation privilege precludes Plaintiffs from asserting any claim arising out of Defendants' acts taken in connection with the foreclosure action or the related bankruptcy case. Thus, the Complaint must be dismissed with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant JPMorgan Chase Bank, N.A.'s Motion for Relief from Order Staying Case (DE 33) is **GRANTED**. The stay is **LIFTED**.

2) Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (DE 11) is **DENIED.**[3]

3) Defendant Bayview Loan Servicing, LLC and M & T Bank Corporation's

Motion to Dismiss (DE 13) is **GRANTED**.

4) The Complaint is **DISMISSED WITH PREJUDICE**.

5) Defendant Bayview Loan Servicing, LLC and M & T Bank Corporation's Motion for Sanctions (DE 28) is **DENIED**. While the Court disagreed with Plaintiffs' legal theory, that alone cannot form a basis for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

6) The Clerk shall **CLOSE** the case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of November, 2016.

---

**3.** Although the Court is dismissing the complaint, it is doing so based on the argument raised by Defendants Bayview and M & T.

The litigation privilege argument, however, applies to all Defendants.