James W. STANLEY, Jr., Plaintiff,

v.

MISSOURI STATE BOARD OF LAW EXAMINERS, Defendant.

No. 83–4434–CV–C–5.

United States District Court, W.D. Missouri, Central Division.

May 3, 1985.

James W. Stanley, Blevins, Pierce & Stanley, North Little Rock, Ark., for plaintiff.

P. Pierre Dominique, Jefferson City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court are defendant's motion to dismiss and plaintiff's motion for summary judgment. Plaintiff James W. Stanley is a practicing attorney

in North Little Rock, Arkansas, and a member in good standing of the Arkansas Bar. Defendant Missouri State Board of Law Examiners is an agency set up by the Missouri Supreme Court for the purpose of regulating admission to the Missouri Bar. *See* Mo.Sup.Ct.R. 8. In 1983, plaintiff submitted to defendant an application for admission to the Missouri Bar. This application was rejected for the express reason that plaintiff did not meet the residency requirement set forth in Mo.Sup.Ct.R. 8.13.[1] Plaintiff appealed defendant's decision to the Missouri Supreme Court, which upheld its residency rule and affirmed the action taken by defendant. The instant lawsuit followed. The essential issue before the Court is whether the residency requirement set forth in Mo.Sup.Ct.R. 8.13 is violative of plaintiff's federal constitutional rights.

## I. The Piper Decision

█ This case is controlled by the United States Supreme Court's recent decision in *Supreme Court of New Hampshire v. Piper*, —— U.S. ——, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), where the Court struck down a New Hampshire Supreme Court rule which required residency in the state as a condition precedent to admission to the state bar. The Court reasoned that the residency requirement contravened the Privileges and Immunities Clause of the United States Constitution[2] by denying non-residents of New Hampshire the opportunity to practice their profession within the state on terms of substantial equality with state residents. *Id.* at 1276–81. In reaching its conclusion, the Court rejected the state's arguments that its residency rule was justified because non-resident attorneys "would be less likely: (i) to become, and remain, familiar with local rules and procedures; (ii) to behave ethically; (iii) to be available for court proceedings; and (iv) to do *pro bono* and other volunteer work." *Id.* at 1279. The policy interests

underlying Mo.Sup.Ct.R. 8.13 are indistinguishable from the interests asserted by the state in *Piper.* Consequently, *Piper* dictates that Mo.Sup.Ct.R. 8.13 must fall beneath the weight of the Privileges and Immunities Clause.

Undaunted, defendant contends that *Piper* is distinguishable in two respects. First, defendant notes that Mo.Sup.Ct.R. 8.13 requires that an applicant intend to maintain an office for the full time practice of law in Missouri, while the New Hampshire rule contained no such provision. Second, defendant points out that the applicant in *Piper* lived only 400 yards from the New Hampshire border, while the plaintiff in the instant case lives approximately 200 miles from the Missouri border. The Court fails to see how either of these distinctions is in any sense material. As defendant notes, Justice White filed a concurring opinion in *Piper* in which he seems to stress the importance of the physical proximity of the applicant to the New Hampshire border. Nevertheless, the other seven members of the *Piper* majority did not rely on this fact; to the contrary, they gave every indication that the Privileges and Immunities Clause prohibits residency rules which operate against residents of distant states as well as adjacent states. *See id.* at 1280 (describing less restrictive alternatives available to states for dealing with lawyers who reside "at a great distance."). Accordingly, the defendant's arguments for distinguishing *Piper* from the instant case must be rejected.

## II. Res Judicata

Defendant's final argument is that the instant lawsuit is barred by the principle of *res judicata* because plaintiff has already litigated the identical issues in state court. If not for the *Piper* case, defendant's *res judicata* argument would be an attractive one. It is true that plaintiff had unsuccessfully litigated the rejection of his bar appli-

---

1. Mo.Sup.Ct.R. 8.13 provides in relevant part: "No person shall be admitted to practice law in this State unless he is a bona fide resident of this State, or a resident of an adjoining county in an adjacent state who in good faith

intends to maintain an office for the fulltime practice of law in this State."

2. U.S. Const. Art. IV, § 2, cl. 1.

cation before the Missouri Supreme Court. In that litigation, plaintiff had specifically claimed that Mo.Sup.Ct.R. 8.13 violated the Privileges and Immunities Clause of the United States Constitution. Under these circumstances, ordinary principles of *res judicata* dictate that plaintiff should be barred from relitigating this issue. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Southern Jam, Inc. v. Robinson*, 675 F.2d 94 (5th Cir. 1982); *see also* 28 U.S.C. § 1738; Restatement, Second, Judgments § 86 (1982).

■ Here, however, plaintiff's constitutional claim comes within a well-established exception to the general rule of *res judicata*: a second action is not barred when the "judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme." Restatement, Second, Judgments § 26(1)(d) (1982). The Restatement's illustration of this exception to the rule is analogous to the instant case:

"A et al., black pupils and parents bring suit against the B board of education to invalidate and enjoin the operation of a state school "tuition grant" law on the ground that it fosters racial discrimination and is therefore unconstitutional. The court holds the law constitutional as applied and enters judgment for the defendant. Appeal is not taken, and is not warranted by the state of the law at the time of the judgment. Thereafter, the United States Supreme Court in another action between different parties strikes down as unconstitutional a similar tuition grant law of another state. A et al. then commenced a new action against the B board seeking the relief that was denied in the previous action. Whether or not the claims in the two actions by A et al. are regarded as the same, the second action is not barred by the first judgment. In a matter of such public importance the policy of nationwide adherence to the authoritative constitutional interpretation overcomes the policies supporting the law of *res judicata.*"

*Id.* § 26, comment e, illustration 6. In the instant case, it clearly would be inequitable to plaintiff and would undermine the *Piper* holding to rule that plaintiff's present lawsuit is barred because he had the foresight to challenge Missouri's residency requirement in the state court system back in 1983. Accordingly, this Court holds that plaintiff's present lawsuit is not barred by the doctrine of *res judicata.*

### III. Remedy

■ The final question to be decided by this Court concerns the remedy to which plaintiff is entitled. In his complaint, plaintiff sought an order enjoining defendant from applying Mo.Sup.Ct.R. 8.13 *and* requiring that plaintiff be admitted to the Missouri Bar. In his Supplemental Motion for Summary Judgment, plaintiff modified his prayer for relief and requested that the Court enjoin enforcement of the residency rule *and* direct defendant to find and recommend to the Missouri Supreme Court that plaintiff "fully meets the requirements for admission to the Missouri Bar." In light of the ruling herein concerning the constitutionality of Mo.Sup.Ct.R. 8.13, this Court will, of course, enjoin defendant from denying plaintiff's application to the Bar on the basis of that rule.

Nevertheless, this Court will not order that plaintiff be admitted to the Bar. Nor will the Court direct defendant to find that plaintiff "fully meets" the requirements for admission to the Bar. There has been no admission by defendant in this case that plaintiff satisfies all of the requirements for admission to the Bar; indeed, it appears that the Board of Law Examiners did not process plaintiff's application once it determined that he was ineligible on non-residency grounds. In addition, the Court notes that every applicant for admission to the Bar must demonstrate that he is of good moral character. Such a determination necessarily involves the exercise of discretion on the part of the Board. This Court must be careful not to encroach upon that discretion. Therefore, the Court will decline making plaintiff a member of the Missouri Bar by judicial fiat; it should be

sufficient to declare Mo.Sup.Ct.R. 8.13 unconstitutional and to enjoin defendant from enforcing Mo.Sup.Ct.R. 8.13 with respect to plaintiff's application for admission to the Missouri Bar.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is overruled. It is further

ORDERED that plaintiff's motion for summary judgment is sustained. It is further

DECLARED that Mo.Sup.Ct.R. 8.13 is unconstitutional. It is further

ORDERED that the Missouri State Board of Law Examiners, its agents, assigns, employees, representatives, successors and affiliates are enjoined from enforcing Mo.Sup.Ct.R. 8.13 with respect to plaintiff's application for admission to the Missouri Bar.