Wilma HARLEY, Plaintiff,

v.

HEALTH CENTER OF COCONUT CREEK, INC., a Florida Corporation Thomas and Thorngreen, Inc., a Tennessee corporation, Defendants.

No. 04–61309–CV.

United States District Court, S.D. Florida.

Dec. 21, 2006.

Chris Kleppin, Glasser, Boreth, Ceasar & Kleppin, Plantation, FL, for Plaintiff.

John Hament, Daniel H. Kunkel, Jennifer Fowler-Hermes, Kunkel, Miller & Hament PA, Sarasota, FL, for Defendants.

**ORDER**

GONZALEZ, District Judge.

THIS MATTER is before this Court on Defendant's Motion to exclude all Agency

for Health Care Administration (AHCA)reports from trial (DE # 113), Motion to exclude all evidence relating to non-pecuniary damages (DE # 114), and Motion to prohibit plaintiff from presenting evidence regarding her pregnancy (DE # 115).

## I. MOTION TO EXCLUDE DAY 1, 5, and 15 REPORTS

Defendant contends in their motion filed on December 5, 2006 that Florida Statute § 400.147 precludes the admission into evidence of the AHCA reports in a civil trial. The relevant section of Florida Statute § 400.147(7) states that notifications to the Agency for Health Care Administration are "not discoverable or admissible in any civil or administrative action, except in disciplinary proceedings by the agency or the appropriate, regulatory board." Also, Florida Statute § 400.147(4) explains that incident reports are part of the work product privilege of the attorney defending the licensed facility in litigation related to the facility and are not admissible as evidence in court.

Plaintiff's position is two-fold. First, Plaintiff points out that the Defendant attempts to make a last minute objection to the reports after the deadline for objections passed in May 2006. Also, Plaintiff turns the Court's attention to case law stating that states statutes such as § 400.147 need not influence the Federal courts.

To support the Plaintiff's claim that Florida Statute § 400.147 does not apply in Federal Court, the Plaintiff cites *Challoner v. Day & Zimmermann, Inc.* 512 F.2d 77, 83 (5th Cir.1975). The Court in *Challoner* held that a state statute regarding admissibility of evidence was a *procedural* rule and not necessary for the Federal court sitting in diversity to apply under the *Erie* doctrine.

The Court notes that this case does not arise under diversity jurisdiction. In *Klaxon Co. v. Stentor Electric Manufacturing*, the Supreme Court held that conflict of law rules to be applied in Federal court with diversity jurisdiction must conform with the laws of the state in which the Federal court sits. 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). If this case was similar to *Klaxon*, meaning a federal court sitting in diversity, *Klaxon* may have shed some light on the Defendant's attempt to use the Florida Statutes to deem the reports inadmissible.

In the instant case, the Plaintiff's claim arises under Federal law. Without deciding whether Florida Statute § 400.147 applies in this case, or whether the statute is procedural or substantive, this Court finds that the Defendant waived the privilege and the right to object to this evidence. Since the Defendant effectively waived on several occasions the privilege protection, the decision as to the application of the statute and case law is beyond the current question before this Court.

It is well established that privileges can be waived. As with attorney/client privilege, doctor/patient privilege, clergy person/parishioner privilege, spousal privilege, to name a few, privileges can be waived if the parties affirmatively do something to destroy the privilege or remove themselves from the "umbrella" protection of the privilege. For example, if a patient puts his or her mental or physical condition at issue at trial, the patient is considered to have waived the privileged communication with their doctor.

The Defendant acquiesced to the reports' admission with no objections in the Amended Pretrial Stipulation filed on October 4, 2006. (see DE # 98) Specifically, Exhibit C, "Plaintiff's Trial Exhibits with Objections" displays no objections to any of the incident reports. Indeed, in the

first trial in this matter occurring November 2006, the Defendant admitted the reports into evidence without objection.

The Defendant also states in their motion that counsel was too focused on the FMLA retaliatory firing claim, and failed to see that an objection could be made to the reports. Unfortunately for the Defendant, ignorance of the law is not a defense. Their failure to object in either the pretrial stipulation or at anytime during the first trial effectively waived any privilege that could have been asserted.

It is now well beyond the time to object to the reports. In the words of Omar Khayyam:

The Moving Finger writes: and, having writ

Moves on: nor all thy piety nor wit

Shall lure it back to cancel half a line

Nor all tears wash out a word of it.

To put it more simply, you cannot "unring the bell." Defendant's motion to exclude all AHCA reports is DENIED.

## II. MOTION TO EXCLUDE ALL EVIDENCE RELATING TO NON–PECUNIARY DAMAGES

Defendant filed a motion to exclude evidence relating to non-pecuniary damages on December 5, 2006. (DE # 114) Defendant's motion is GRANTED.

## III. MOTION TO PROHIBIT PLAINTIFF FROM PRESENTING EVIDENCE REGARDING HER PREGNANCY

Defendant filed a motion to prohibit plaintiff from presenting evidence of her pregnancy on December 5, 2006. (DE # 115) Defendant's motion is DENIED.

It is hereby ORDERED that

1. Defendant's Motion to exclude all Agency for Health Care Administration (AHCA) reports from trial (DE # 113) is DENIED.

2. Motion to exclude all evidence relating to non-pecuniary damages (DE # 114) is GRANTED.

3. Motion to prohibit plaintiff from presenting evidence regarding her pregnancy (DE # 115) is DENIED.