Wilma **HARLEY,** Plaintiff,

v.

The **HEALTH CENTER OF COCONUT CREEK, INC.,** a Florida corporation, and Thomas and Thorngren, Inc., a Tennessee corporation, Defendants.

No. 04–61309–Civ.

United States District Court, S.D. Florida.

Sept. 27, 2007.

Chris Kleppin, Harry O. Boreth, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiff.

Daniel H. Kunkel, Jennifer Marie Fowler–Hermes, John Maxwell Hament, Kunkel Miller & Hament, Sarasota, FL, for Defendants.

## ORDER FOLLOWING PRETRIAL CONFERENCE

ALAN S. GOLD, District Judge.

THIS CAUSE is before the Court following the pretrial conference held on September 17, 2007. An earlier Order on Pretrial Conference was issued at Docket Entry Number 153. The requirements set forth in that Order remain in full force and effect. All submissions required by that Order (see ¶¶ 1, 2, 5, and 6) shall be filed by the parties no later than **Wednesday, October 10, 2007.** The "jury notebooks" referred to in Paragraph 7 of the Order shall be submitted by **Monday, October 15, 2007.**

At this latest pretrial conference, the parties argued Defendants' Motion for Judgement on the Pleadings [**D.E.# 149**], as well as six different motions in limine [**D.E. 148, 150–154**]. As explained further in this Order, the Defendant's Motion for Judgment on the Pleadings is denied without prejudice. The various motions in limine are granted in part and denied in part as is discussed below.

## I. *Defendant's Motion for Judgment on the Pleadings [D.E. # 149] is denied without prejudice.*

Defendants argue that Plaintiffs retaliation claims under the Family Medical Leave Act (FMLA) are barred by the doctrine of res judicata, based on a final judgment in state court which was rendered subsequent to this Court's "Order on Granting in Part/Denying in Part Defendant's Motion for Summary Judgment" [**D.E.# 69**], entered on May 11, 2006. According to Defendants' Motion, Plaintiff brought these FMLA retaliation claims against Defendants in federal court, while concurrently bringing claims against Defendants under the Florida Civil Rights Act in state court for discrimination based on race, gender and pregnancy. The state court rendered a final judgment in August 2006 in favor of Defendants after a jury verdict. Defendants argue in their Motion that this state court judgment precludes Plaintiffs FMLA claims in this case.

Here, Defendants raise res judicata in its most recent motion for judgment on the pleadings, without previously raising the defense in either their answer or latest pretrial stipulation. This is not the first time the Defendants have filed this motion. An earlier motion, based on the same grounds, was denied by the Honorable Jose A. Gonzalez, Jr. on October 26, 2006 [**D.E.# 104**] without opinion.[1] Because I find that it is not clear that res judicata bars the claims before me, Defendants' Motion for Judgment on the Pleadings is denied without prejudice.

---

1. This case was reassigned to Judge Gonzalez for trial on October 15, 2006 due to a scheduling conflict [**D.E. # 101**]. Following two hung juries, the case was reassigned to me on January 12, 2007 [**D.E. # 131**] for retrial.

Res judicata is an affirmative defense, and it must be pled, otherwise it may be waived by a defendant *Norfolk S. Corp. v. Chevron, USA, Inc.*, 371 F.3d 1285, 1289 (11th Cir.2004); *see* Fed. R.Civ.P. 8(c) ("In pleadings to a preceding pleadings, a party shall set forth affirmatively ... res judicata.") Under the law of this Circuit, res judicata is not a defense under Rule (12)b. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.1982). However, a party may raise res judicata by motion instead of by answer "where the defense's existence can be judged on the face of the complaint." *Id.* (where defendant raised res judicata in a motion to dismiss). Here, Defendants raised res judicata by a motion for judgment on the pleadings. While Defendants did not amend their answer, I find no waiver since the issue was timely raised prior to the first trial. As evidenced by their latest motion, the defense has never been abandoned, and the Plaintiff is not prejudiced simply because it is raised again. Therefore, I will consider whether the existence of res judicata can be determined on the face of the complaint and the answer (which did not raise res judicata as a defense).

I begin by first discussing a matter pertinent to the renewed motion for judgment on the pleadings and the latest series of motions in limine. The matter is the effect to be given to the orders issued by the predecessor district judge (Judge Gonzalez). In general, when a case is transferred from one district judge to another, the parties should not treat the transfer as an opportunity to relitigate all of the first judge's rulings. *Technical Resource, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458, 1465 (11th Cir.1998); *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir.1984). However, the second district judge may reconsider the first judge's rulings when final judgment has not yet been entered. *See id.; Robinson*

*v. Parrish*, 720 F.2d 1548, 1550 (11th Cir. 1983); *Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1530, *clarified on reh'g*, 721 F.2d 345 (11th Cir.1983), *cert. denied*, 466 U.S. 960, 104 S.Ct. 2173, 80 L.Ed.2d 556 (1984). Both the Supreme Court and the Eleventh Circuit have made clear that reconsideration of a prior holding is not improper if the court is convinced that the prior decision is clearly erroneous and would work manifest injustice. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 965 (11th Cir.2000)(citing cases)

Especially since Judge Gonzalezdid not explain his reasoning in denying the motion for judgment on the pleadings, I look at the issue anew. In determining the preclusive effect of a state court judgment on an ongoing federal proceeding, federal courts apply the state's law of preclusion. *Cmty. State Bank v. Strong*, 485 F.3d 597, 612 (11th Cir.2007) ("In considering whether to give preclusive effect to state court judgments under the doctrines of res judicata (or claim preclusion) or collateral estoppel (or issue preclusion), we apply that state's law of preclusion."); see *Andujar v. Nat'l Prop. and Cas. Underwriters*, 659 So.2d 1214, 1216 (Fla. 4th DCA 1995) (stating that in determining res judicata, courts give the former judgment the "same preclusive effect that the rendering court would give if"). In this matter, Defendants ask me to consider the preclusive effect of the state court judgment against Plaintiff in *Harley v. The Health Center of Coconut Creek, Inc., et al.*, Case No. CACE 04015924, Circuit Court in and for Miami–Dade County, Florida. Therefore, I apply Florida law of preclusion, instead of Eleventh Circuit case law, to determine if res judicata bars the claims before me.

Under Florida law, four elements are required for a claim to be precluded by judgment in another case: (1) identity in

the thing sued for, (2) identity of the cause of action; (3) identity of the persons and parties to the actions; (4) identity of the quality or capacity of the persons for or against whom the claim is made. *Donahue v. Davis*, 68 So.2d 163, 169 (Fla.1953); *see Atl. Shores Resort, LLC v. 507 S. St. Corp.*, 937 So.2d 1239, 1243 n. 3 (Fla. 3d DCA 2006) ("Res judicata applies only when there is a judgment on the merits rendered in a former suit between the same parties or their privies, *upon the same cause of action*, by a court of competent jurisdiction.") (internal citations omitted) (emphasis in original).

■ If res judicata is found to apply, it "bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised." *Hoechst Celanese Corp. v. Fry*, 693 So.2d 1003, 1006 n. 9 (Fla. 3d DCA 1997). However, if the cause of action is not the same, res judicata will not bar issues which could have been raised in the prior suit but were not. *Champlovier v. City of Miami*, 667 So.2d 315, 319 (Fla. 1st DCA 1995) (citing *Albrecht v. State*, 444 So.2d 8, 12 (Fla.1984), *superceded on other grounds by statute as stated in Bowen v. Dep't of Envtl. Regulation*, 448 So.2d 566 (Fla. 2d DCA 1984)).

■ With respect to the second element required for res judicata, "[t]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Atlantic Shores*, 937 So.2d at 1243 n. 3 (quoting *Albrecht*, 444 So.2d at 12 (Fla.1984)) Here, the issue of res judicata arose long after the complaint and answer was filed. Based on the submission by Defendants to date, it is not clear that identity of the cause of action exists between Plaintiffs

state case and this case.[2] While both stem out of Defendants' termination of Plaintiff's employment, the two claims may require the presentation of different facts and evidence. Furthermore, because Defendants raise this issue on a motion for judgment on the pleadings, I am limited in my analysis to whether the existence of res judicata can be determined from the face of the complaint and the answer. *See Concordia*, 693 F.2d at 1075. As I explained, it cannot because neither pleading addresses the issue.

■ Therefore, the Motion for Judgment on the Pleadings is denied without prejudice, and Defendants are granted leave to amend their answer before trial commences to include res judicata as an affirmative defense. If they choose to amend, the transcript from the state court proceeding may be filed and arguments on the issue of res judicata may be raised in a motion for judgment under Federal Rule of Civil Procedure 50 at trial, outside the presence of the jury.

## II. Motions in Limine

The parties explain that they have reasserted their prior motions in limine to preserve them. In fact, I had addressed several of the motions in limine in my prior Order on Pretrial Conference [D.E. 153, pages 9–13]. I readdress each pending motion and note my ruling and, where applicable, Judge Gonzalez's rulings.

**A. Defendant's Motion in Limine to Exclude From Trial Scheduled for October 2007 the Determination of the Division of Unemployment Compensation [D.E. 151].**

■ I re-adopt my prior ruling granting Defendants' motion under a Fed. R.Evid. 403 analysis [**D.E. # 153, page 9**]. I do not find Plaintiff's reliance on *Bar-*

---

**2.** I take judicial notice of Plaintiff's complaint filed in the state action against Defendants.

*field v. Orange County,* 911 F.2d 644 (11th Cir.1990) to be convincing. *Barfield* involved an EEOC report sought for admission during a bench trial. The Eleventh Circuit indicated that the analysis for admission may change in a jury trial because "... the admission of an EEOC report, in certain circumstances, may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight ... under Rule 403...." *Id.* at 651. In this case, the issue is not whether the Plaintiff actually abused a resident but whether the Defendants reasonably believed, at the time, that she had. The interjection of the Unemployment Compensation proceedings raises a danger of unfair prejudice, confusion of issues and misleading the jury which substantially outweighs its insignificant probative value.

### B. Defendant Motion in Limine to Exclude From the Trial Scheduled for October 2007 All Evidence Relating to National Health Care Corporation or National Health Realty, Inc [D.E. # 148].

 The Defendants argue that The Health Center of Coconut Creek took over the operations of the facility located in Coconut Creek on October 1, 2000. Although Plaintiff had been working at the facility since July 2000, the Defendant did not become her employer until October 2000. Prior to that time, National Health Care operated the facility. The Plaintiff does not join NHC or NHR in her complaint. I had granted this motion previously [**D.E. # 153, page 10–11**] and reaffirm my prior ruling.

### C. Defendant Motion to Exclude All Agency for Health Care Administration ("AHCA") Day 1, Day 5 and Day 15 Reports from the Trial Scheduled for October 2007 and Motion Directing Plaintiff to Return All Day 1 and Day 15 Reports Produced During Discovery [D.E. 152].

 This motion was previously denied by Judge Gonzalez in a written order dated December 21, 2006. *See Harley v. Health Center of Coconut Creek, Inc.,* 469 F.Supp.2d 1212 (S.D.Fla.2006). In his Order, Judge Gonzalez concluded that "[W]ithout deciding whether Florida Statute § 400.147 applies in this case, or whether the statute is procedural or substantive, this Court finds that the Defendant waived the privilege and right to object to this evidence." *Id.* I find no basis to revisit this conclusion under the applicable standard which governs such a reconsideration. I do note, however, that Judge Gonzalez did not consider in his Order whether the evidence should be excluded, in whole or in part, under a Rule 403 analysis. I reserve on this question in order to examine the prior testimony from the last two trials relative to the AHCA reports and to hold further legal argument on that question. Because I have concerns about whether the AHCA reports should be excluded under Rule 403, Plaintiff shall not refer to them in her opening statement. The portions of the prior transcripts related to the AHCA reports shall be filed with the Court by Defendants prior to the commencement of trial.

### D. Defendants' Motion in Limine to Exclude All Evidence Relating to Non–Pecuniary Damages During the Trial Scheduled for October 2007 [D.E. # 150].

 The Plaintiff correctly points out that recovery of non-pecuniary losses, such

as emotional pain, suffering, mental anguish, loss of enjoyment of work and humiliation are not provided for under the Family and Medical Leave Act, 29 U.S.C. § 2617(a). Judge Gonzalez previously granted the Defendants' prior motion in limine on this subject. *Harley,* 469 F.Supp.2d at 1214. I reaffirm that ruling here and grant the motion.

E. **Defendants' Motion in limine to Prohibit Plaintiff From Presenting Evidence Regarding Her Pregnancy During the Trial Scheduled for October 2007 and Motion for the Court to Take Judicial Notice that Plaintiff has already Litigated her Claim that She was Terminated Because She was Pregnant and Motion for an Instruction to the Jury that they Should not Take Plaintiffs Pregnancy into Account when Reaching their Decision [D.E. # 154].**

■■■ Judge Gonzalez previously denied the Defendants' motion to prohibit Plaintiff from presenting evidence of her pregnancy. *Id.,* 469 F.Supp.2d at 1214. I reaffirm that ruling. I conclude that the Defendants' request on motion in limine is too broad. Notwithstanding, my ruling here requires further clarification.

The Plaintiff's remaining claim under the Family Medical Leave Act is that she was retaliated against for requesting family and medical leave to care for her child *after* the birth. Her pregnancy, therefore, is of limited significance in this case in that she was not seeking medical leave because she was having medical difficulties during her pregnancy. She was seeking leave to care for the child *after* the birth. In any event, the issue is not whether she was discriminated against because of her pregnancy. This matter was heard and resolved in the state court. Obviously, the Plaintiff is not permitted to reargue her state discrimination claim here, nor is she

able to proceed on Count II of her Complaint for which summary judgment was granted **[D.E. # 69]**. Moreover, the jury may not decide this case based on sympathy or prejudice for or against anyone simply because of her pregnancy.

Having said this, it is still highly relevant under Plaintiff's remaining claim that the jury receive evidence that she became pregnant during her employment; that she requested leave under the Family and Medical Leave Act to take place *after* the birth of her child; that the family leave would be for a 12 week period, and that she was fired *before* she gave birth to her child. None of these facts appear to be in dispute and can be presented to the jury by factual stipulation prior to the commencement of the testimony at trial. The jury also may hear evidence as to the dates that Plaintiff was not working due to the birth of her child(ren). Finally, pregnancy status may be relevant to the issue of "similarly situated evidence," as discussed in Section F below. Accordingly, I shall limit evidence relevant to "pregnancy" only to these facts.

■■■ With regard to the remainder of the Defendant's motion, I deny the request for judicial notice that the Plaintiff has already litigated her pregnancy discrimination claim. This is another attempt to raise res judicata under another name. Both parties are specifically instructed that no reference shall be made to the jury about the prior state discrimination case or the result. In the event impeachment is sought based upon inconsistent statements at the state trial, the party offering to impeach will simply refer to it as a "prior proceeding." The impeaching party shall present opposing counsel and the witness with the testimony and the date of the testimony, but not mention the date to the jury. Likewise, neither party will make reference in any manner to the mistrials in

this case. Impeachment by inconsistent statement relative to the prior trials in this case will be elicited in the same manner as for the state trial. Finally, i reserve on the Defendants' request for the formation of a limiting instruction to the jury on "pregnancy." Such an instruction may be appropriate consistent with the rulings in this Order.

### F. Plaintiff's Motion in Limine to Exclude Evidence of any Family an Medical Leave Taken By Employees Who are not Similarly Situated to Harley, such as RN's and LPN's, or Who Took Leave that Was Not Associated with A Pregnancy [D.E. # 153]

The Plaintiff purportedly desires to distinguish between her request for "maternity leave" and other employees' requests for FMLA leave for reasons other than to care for a newborn. Plaintiff suggests in her motion that "other types of leave that are temporary and/or for short periods of time is not as likely to upset an employer as much as a maternity situation which places a woman in the position of care giver for a significant period of time thereafter, plus typically requires a full 12 weeks of leave." Plaintiff offers no statutory or case citation for this proposition.

As noted in *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1307–08 (11th Cir.1999), FMLA provides "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period ... (D) Because of a serious health condition." 29 U.S.C. § 2612(a)(1). The statute further provides "[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave ... for any part of the 12–week period of [FMLA] leave...." 29 U.S.C. § 2612(d)(2)(A); 29 U.S.C. § 2612(d)(2)(B). The statute does not impose "any specific requirements for the type of notification an employer must provide or when that notification must occur."

Accordingly, an employee, who qualifies under the FMLA, is entitled to take "up to" 12 workweeks during any 12 month period. The circumstances surrounding each request may vary, i.e. the 12 workweek period may be consecutive, or may be in shorter periods of duration; it may include accrued paid vacation leave, or personal leave. Plaintiff's theory of her case is that she was retaliated against as a CNA because her request would result in her absence for 12 "consecutive" workweeks in order for her to care for her child. No allegation has been made that Plaintiff requested that any part of the 12 workweek period be accrued against her vacation or leave time. Therefore, for purposes of this motion, I assume that she was requesting unpaid leave for child care for a consecutive 12 week period.

I conclude that the Defendants may introduce evidence that other CNA employees, or other employees with comparable duties during the term of Plaintiffs employment, applied for FMLA leave which would have caused them to be absent for an unpaid 12 workweek consecutive period without suffering retaliation by Broughton or Caridad Hernandez, or others in the chain-of-command.[3] I reserve to consider the issue of who are "similarly

---

**3.** The Defendants want the scope of permissible testimony to be broader regardless of the employee's job descriptions or the employer's decision maker. At this juncture, I consider the Defendant's request to be too broad. For instance, the relevancy is greatly reduced if the other employee's work responsibilities were significantly less substantial than that of the Plaintiff, or if the decision makers[1] were other than those who participated in Plaintiffs termination.

situated" employees, and who were the decision makers, based on the evidence at trial.[4] But for this motion, it matters not that the consecutive 12 workweek period related to child birth or to some other qualifying reason. In discussing the FMLA, the Defendant correctly asserts that the Act provides 12 weeks of leave to qualifying employees in four types of situations: (1) because of the birth of a son or daughter of the employee and in order to care for such son or daughter; (2) because of the placement of a son or daughter with the employee for adoption or foster care; (3) in order to care for the spouse, or a son, daughter or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition, and (4) because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a). Thus, contrary to the position asserted in Plaintiffs motion, any such request for FMLA leave during the relevant time period, that would have resulted in a consecutive unpaid 12 workweek absence, is admissible regardless of the sex of the employee or the reason the leave was requested. Accordingly, Plaintiff's motion in limine is denied as it pertains to limiting comparability to only those who took leave that was associated with child birth.

WHEREFORE, it is hereby **ORDERED AND ADJUDGED:**

1. All pretrial submissions referenced in this Order shall be filed as directed.

2. Defendants' Motion for Judgment on the Pleadings **[D.E. # 149]** is denied without prejudice.

3. Defendants' Motion in Limine to Exclude From Trial Scheduled for October 2007 the Determination of the Division of Unemployment Compensation **[D.E. # 151]** is granted.

---

4. In my earlier "Order on Pretrial Conference," D.E. # 153, I had addressed "Defendant's Motion to Exclude Evidence of Similarly Situated Employees," D.E. # 64, and ruled: "The Plaintiff shall not be permitted to introduce evidence concerning other employees unless those employees meet the 'sufficiently similar' standards set forth by the Eleventh Circuit. Therefore, Plaintiff's evidence concerning similarly situated employees is limited as follows: 1) she may not introduce evidence on employees other than CNAs; 2) she may not introduce evidence regarding employees who were not disciplined by either Broughton or Hernandez, or both; 3) she may not introduce evidence regarding employees who committed offenses very different, and certainly not less severe, than that allegedly committed by the Plaintiff."

Since that Order, there has been two retrials. I have not yet had the benefit to read the trial testimony regarding employees who were purportedly "similarly situated" or the managers who were responsible for the decisions regarding those employees. Accordingly, I recede from my prior ruling in two respects. First, I will consider whether there are other employees who are similarly situated who are comparable to CNAs. I agree with Plaintiff that, under *Anderson v. WBMG–42*, 253 F.3d 561, 564 (11th Cir.2001), she must show that "... the comparator employees are 'involved in or accused of the same or similar conduct' yet are disciplined in a different, more favorable way."

Second, I also concur with Plaintiff that it is too limiting to say that whenever two different supervisors are involved in administering the disciplinary actions, the comparators cannot be, as a matter of law, similarly situated for FMLA purposes. *Id.* 253 F.3d at 566 (applying the rule for Title VII purposes). Here, I simply need to hear more foundation evidence concerning the management structure and the chain-of-command prior to rendering a final decision on admissibility. Obviously, there are many factors to consider including whether the employees (1) held the same or comparable job descriptions; (2) were subject to the same standards, and (3) were subordinate to the same supervisor or chain-of-command. Depending on my ruling relative to Plaintiffs case on "similarly situated," I will be better able to consider the Defendant's "similarly situated" evidence, and Plaintiffs subject motion in limine.

**1374**

4. Defendants' Motion in Limine to Exclude From the Trial Scheduled for October 2007 All Evidence Relating to National Health Care Corporation or National Health Realty, Inc [**D.E. # 148**] is granted.

5. Defendants' Motion to Exclude All Agency for Health Care Administration ("ACHA") Day 1, Day 5, and Day 15 Reports from the Trial Scheduled for October 2007 [**DE # 152**] is denied, subject to the Court's further consideration of the exhibits under Fed.R.Evid. 403.

6. Defendants' Motion in Limine to Exclude All Evidence Relating to Non–Pecuniary Damages During the Trial Scheduled for October 2007 [**D.E. # 150**] is granted.

7. Defendants' Motion in Limine to Prohibit Plaintiff From Presenting Evidence Regarding Her Pregnancy During the Trial Scheduled for October 2007 and Motion for the Court to Take Judicial Notice that Plaintiff has already Litigated her Claim that She was Terminated Because She was Pregnant and Motion for an Instruction to the Jury that they Should not Take Plaintiffs Pregnancy into Account in Reaching their Decision [**D.E. # 154**] is granted in part and denied in part as set forth in this Order.

8. Plaintiffs Motion in Limine to Exclude Evidence of any Family and Medical Leave Taken By Employees Who are not Similarly Situated to Harley, such as RN's and LPN's, or Who Took Leave that Was Not Associated with A Pregnancy [**D.E. # 153**] is denied in part and reserved in part as set forth in this Order.

**DONE AND ORDERED.**