[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15708
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-01283-MMH-MCR

CLIFFORD LEON REID,

Plaintiff-Appellant,

versus

SECRETARY, FL DEPT OF CORR.,
LARRY HENDERSON,
P.A., Fl. Dept. of Corrections,
MS. MULLINACX,
Security Officer, Fl. Dept. of Corrections,

Defendants-Appellees,

WARDEN, FL. DEPT. OF CORRECTIONS,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 15, 2012)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Clifford Leon Reid, a Florida state prisoner, appeals pro se from the district court's grant of summary judgment in favor of three defendants, all prison officials, in his civil rights action brought pursuant to 42 U.S.C. § 1983. Reid's complaint alleged that prison official Larry Henderson dropped him to the ground, despite knowing that because of Reid's medical condition, a fall could cause him complete paralysis. Reid further alleged that in the process of dropping Reid, Henderson sexually abused him as well. Reid also said that Security Officer Mullinax was present in the room at the time of the assault, and failed to intervene. On appeal, Reid argues that the district court improperly granted summary judgment to the prison officials, and failed to afford Reid every reasonable inference permitted by the evidence. After careful review, we affirm in part, and vacate and remand in part.[1]

---

[1] As an initial matter, the prison officials argue that Reid failed to file a timely notice of appeal. A civil appellant must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1)(A). A confined inmate's notice of appeal is considered timely if it is delivered to prison officials for mailing on or before the last day for filing. Fed.R.App.P. 4(c)(1). A judgment is generally considered "entered" on the date that it is entered on the civil docket. Fed.R.Civ.P. 58(c). Therefore, the time for filing the notice of appeal begins to run on the date that the judgment is entered on the docket, and not on the date that it is filed by the district court judge. Jones v. Gann, 703 F.2d 513, 514 (11th Cir. 1983).

Here, the district court denied the last of Reid's post-judgment tolling motions in an order that it dated October 31. The clerk did not enter that order on the docket until November 1. Therefore, Reid's notice of appeal, delivered to prison officials for mailing on December 1 -- the 30th day after November 1 -- was timely, and we have jurisdiction to hear his appeal.

2

We review the district court's grant of summary judgment de novo, considering all evidence in the light most favorable to the non-movant. O'Bryant v. Finch, 637 F.3d 1207, 1212 n.9 (11th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. Allen v. Bd. of Public Educ. for Bibb Cnty., 495 F.3d 1306, 1313 (11th Cir. 2007). Credibility determinations are impermissible at the summary judgment stage of a case. Moorman v. UnumProvident Corp., 464 F.3d 1260, 1266 n.1 (11th Cir. 2006). Pro se litigants are not excused from the burden of establishing that there exists a genuine issue of material fact. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

The moving party has the initial burden of demonstrating through evidence that there are no genuine issues as to any material fact. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995). Once the moving party has met its burden, the burden shifts to the non-moving party to establish, beyond the pleadings, that a genuine issue exists. Id. at 593-94. The non-moving party must produce more than a "mere scintilla" of evidence to defeat a summary judgment motion. Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009). Where one party's story is blatantly contradicted by the record so that no reasonable jury could believe it, that

3

story should not be credited for the purposes of a summary judgment motion.  Scott v. Harris, 550 U.S. 372, 380-81 (2007) (reaching that holding where one party's affidavit was contradicted by video evidence).  In binding precedent, the former Fifth Circuit has held that evidence that is contradictory to the laws of nature may not support a jury verdict.  Ralston Purina Co. v. Hobson, 554 F.2d 725, 729 (5th Cir. 1977).[2]  Unsupported allegations in affidavits based on information and belief cannot raise genuine issues of fact.  Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

The Eighth Amendment prohibition of cruel and unusual punishment requires prison conditions to meet a certain constitutional minimum.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  One such constitutional minimum is that prison officials must not engage in the "unnecessary and wanton" infliction of pain.  Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  Among actions that are considered "unnecessary and wanton" are those that are totally without penological justification.  Id.

A prison officer's sexual abuse of a prisoner may violate the Eighth Amendment, since it has "no legitimate penological purpose."  Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (recognizing that severe or repetitive sexual abuse can violate the Eighth Amendment).  In Boxer X, we held that a prisoner must meet

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a two-pronged standard to sustain a claim based on an unnecessary and wanton infliction of pain: (1) the injury suffered was objectively, sufficiently serious; and (2) the prison official had a subjectively culpable state of mind. Id. However, the Supreme Court has since clarified that, if the amount of force used is disproportional with the level of injury sustained, courts should focus their inquiry on whether the prison official used more than a de minimis amount of force. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010) (explaining that "[i]njury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). Nonetheless, the seriousness of any injury could be a factor in determining if an officer used excessive force. Id. at 1178. The standard in determining if a prison official used excessive force is whether the force was used "maliciously and sadistically to cause harm." Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotation omitted).

With respect to Henderson and Mullinax, the district court improperly granted summary judgment. The prison officials carried their initial burden of showing no genuine material issue of fact. Yet Reid responded by repeating the allegations in his complaint in a sworn affidavit. That affidavit should have been credited to the extent that it was: (1) based on personal observations; (2) not blatantly contradicted by other evidence in the record; and (3) not contradicted by the laws of nature. See Scott, 550 U.S. at 380-81; Ellis, 432 F.3d at 1326; Hobson, 554 F.2d at 729.

5

To be sure, Reid's affidavit contained some assertions which were not sufficient to withstand summary judgment.  For example, Reid swore that, through clothes, Henderson thrust his erect penis at Reid's anus three times, and that he suffered anal tearing and bleeding.  As the district court emphasized, however, Reid repeatedly conceded that he was wearing pants and boxer shorts at the time, and Reid does not contest Henderson's evidence that Henderson was also wearing pants at the time; thus, the fact that Henderson and Reid were clothed makes it unrealistic to believe that Henderson's penis penetrated Reid's anus through clothing.  Because penetration through clothing contradicts the laws of nature, the sexual abuse allegations are not considered evidence that a reasonable jury could consider.  See Hobson, 554 F.2d at 729.  Further, Reid's sworn allegation that, on the day after the alleged incident, Henderson forced him to disrobe and stated that he "wanted to see [Reid's] ass" fails to demonstrate sufficient force to make out an Eighth Amendment claim.  See Wilkins, 130 S.Ct. at 1178-79.  Therefore, the district court properly granted summary judgment on Reid's sexual abuse claims.

However, considering the rest of Reid's sworn allegations, and affording him every inference therefrom, there was enough evidence for a reasonable jury to conclude that an Eighth Amendment violation had occurred.  Specifically, Reid swore that after Henderson read aloud from Reid's medical file, in front of Mullinax, that

6

a fall could paralyze Reid, he announced his intention to stand Reid up and let him fall to the ground. Reid further swore that Henderson then dropped Reid, and kneed him twice in the back. Reid's assertion that Henderson intentionally dropped him, after learning that a drop could paralyze him, was sufficient, if believed, to make out an Eighth Amendment excessive force violation because it describes more than a de minimis amount of force. See id. Moreover, the fact, if believed, that Henderson stated aloud that "a fall could paralyze him or kill him, I'm going to stand him up and let him fall . . ." is evidence that could lead a jury to conclude that Henderson applied force maliciously or sadistically. Skrtich, 280 F.3d at 1300. A jury could also conclude that Mullinax, who was present but did not intervene, was liable for her nonfeasance. Id. at 1301 (holding in the context of an excessive force claim, that a prison official who is physically present, but fails to take reasonable steps to protect the victim from another officer's use of force can be held personally liable for her nonfeasance).

In granting summary judgment, the district court discredited Reid's sworn allegations, because they were self-serving. But these kinds of credibility determinations are impermissible at the summary judgment stage. See Moorman, 464 F.3d at 1266 n.1. While it is true that Reid's medical records do not support the version of the facts he presents in his affidavit, all this means is that there is conflict

7

in the evidence, which we must resolve at the summary judgment stage in Reid's favor. A jury may well find Reid's account of the facts not to be credible. However, for purposes of summary judgment, there is nothing inherently wrong with "self-serving testimony," and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case. "Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." Price v. Time, Inc., 416 F.3d 1327, 1345 (11th Cir. 2005).

Finally, however, the district court properly granted summary judgment in favor of McNeil. In a § 1983 suit, liability must be based on something more than respondeat superior. Brown, 906 F.2d at 671. Supervisory liability can be found when the supervisor personally participates in the alleged constitutional violation, or when there is a causal connection between the supervisory actions and the alleged deprivation. Id. A causal connection can be established through a showing of a widespread history of the violation. Id. at 672.

Reid sued McNeil only in his supervisory capacity. He did not allege that McNeil participated in any abuse, or that he was causally responsible for the abuse. See id. at 671-72. Accordingly, we affirm the grant of summary judgment as to

McNeil, but vacate and remand the grant of summary judgment on Reid's excessive

force claim as to Henderson and Mullinax.[3]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[3] Reid's argument on appeal that he should have been granted leave to amend his complaint after the court granted summary judgment is rendered moot, in part, by this decision. In any event, the district court did not err in denying his post-judgment motion for leave to amend.  See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010).

9