[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14207
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00685-AKK

KELLI CHUMLEY LOWMAN,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 26, 2020)

Before JILL PRYOR, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Kelli Lowman appeals the district court's order denying her motion to file her notice of appeal out of time, arguing that the district court abused its discretion because she showed good cause or excusable neglect for the late filing. After careful review, we disagree and affirm the district court's denial.

In 2013, Lowman applied for Social Security disability insurance benefits for a period of disability beginning in 2011. After the Commissioner of the Social Security Administration (the "Commissioner") denied her application, Lowman requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ also denied Lowman's request for benefits. She then applied for review with the Social Security Appeals Council, arguing that the ALJ based the decision on insubstantial evidence and failed to apply the appropriate legal standards. The Appeals Council denied Lowman's request for review.

Shortly afterward, Lowman filed this action in the Northern District of Alabama under § 405(g) of the Social Security Act, seeking review of the final adverse decision of the Commissioner. On September 24, 2018, the district court affirmed the Commissioner's final decision to deny benefits. On November 24, 2018—61 days later—Lowman filed a notice of appeal of the district court's decision.[1]

---

[1] One week later, Lowman filed a corrected notice of appeal, correcting a clerical error. The corrected filing has no bearing on this appeal.

2

After review of Lowman's appeal, this Court *sua sponte* dismissed the appeal for lack of jurisdiction because Lowman's notice of appeal was untimely; she failed to file her notice of appeal within 60 days of the district court's decision.[2] On February 20, 2019, Lowman filed in the district court a motion for leave to file her appeal out of time due to good cause. As good cause, she noted that her counsel's legal assistant thought the district court was closed on November 23, 2018—the day after Thanksgiving—thus mistakenly assuming that the deadline for filing the appeal was extended until the next business day.

The district court denied Lowman's motion. The court determined that Lowman did not qualify for relief under Federal Rule of Appellate Procedure 4(a)(5), which permits an extension of the time for filing a notice of appeal based on a showing of "excusable neglect or good cause." Fed. R. App. 4(a)(5)(A). The court reasoned that Rule 4(a)(5) required a party to move for an extension within 30 days after the deadline to file a notice of appeal, and Lowman failed to do so. The district court also considered whether Lowman qualified for relief under Federal Rule of Appellate Procedure 4(a)(6), which permits a district court to reopen the time to file a notice of appeal if:

---

[2]Although Lowman has not raised this argument, we note that the file stamp on the order affirming the Commissioner's final decision is dated September 25, contradicting the docket sheet, which indicates that the order was entered on September 24. But this discrepancy does not help Lowman because "[t]he time for filing a notice of appeal begins to run not on the date that the judgment is filed but on the date the judgment is actually entered on the docket." *Jones v. Gann*, 703 F.2d 513, 514 (11th Cir. 1983).

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The district court concluded that Lowman was not entitled to relief under Rule 4(a)(6) because she failed to demonstrate that she did not receive notice of the court's dismissal within 21 days of its entry. This appeal followed.

We review for an abuse of discretion a district court's denial of a motion under Rule 4(a)(6) to reopen the time for filing a notice of appeal. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). We likewise review for an abuse of discretion a district court's determination of whether the movant has shown excusable neglect or good cause under Rule 4(a)(5). *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997). Under the abuse of discretion standard, we will not reverse a district court's decision unless the district court clearly erred in its judgment or applied the wrong legal standard. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).

On appeal, Lowman argues that the district court abused its discretion by denying her motion to file an out-of-time notice of appeal because she showed

4

good cause or excusable neglect for missing the filing deadline.  In Lowman's

view, the legal assistant's mistake regarding the due date—over which Lowman

had no control—should merit an extension of time to file her appeal under Rule

4(a)(5).[3]  But her argument ignores Rule 4(a)(5)'s timeliness requirement.  Under

Rule 4(a)(5), a district court may extend the time to file a notice of appeal only if

(1) the party files a motion for an extension of the filing deadline within 30 days

after the initial period for filing the notice of appeal has expired *and* (2) the party

shows excusable neglect or good cause for missing the deadline.  28 U.S.C. §

2107(c); Fed. R. App. P. 4(a)(5)(A).  Assuming that Lowman has shown good

cause or excusable neglect based on the legal assistant's error, Rule 4(a)(5) cannot

help her because she filed her motion to file an out-of-time notice of appeal more

than 30 days after the time to appeal expired.[4]

**AFFIRMED.**

---

[3] In her briefing Lowman does not argue that she qualified for relief under Rule 4(a)(6). Even if this argument were not abandoned, *see Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004), we see no indication in the record that Lowman did not receive notice of the entry of judgment within 21 days.  Thus, the district court did not abuse its discretion in declining to reopen the time for filing a notice of appeal under Rule 4(a)(6).

[4] In her reply brief, Lowman argues—for the first time—that her one-day-late notice of appeal should have been construed as a Rule 4(a)(5) motion.  Except in rare circumstances not present here, we do not consider arguments raised for the first time on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-83 (11th Cir. 2014); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360-61 (11th Cir. 1984).  Nonetheless, we note that this argument would fail on the merits because our precedent holds that a late notice of appeal is not construed as a Rule 4(a)(5) motion.  *See Parker v. Strickland*, 728 F.2d 1406, 1407 (11th Cir. 1984) (noting that an appellant "must make a specific motion for an extension").