[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13256
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20662-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2021)

Before NEWSOM, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Roman pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2)&(b)(1) and two counts of possessing child pornography in violation of § 2252(a)(4)(B)&(b)(2).  On July 2, 2015, the United States District Court for the Southern District of Florida sentenced him to a total of 300 months imprisonment followed by a life-term of supervised release.  Roman appealed his sentence on substantive reasonableness grounds and this Court affirmed.  *United States v. Roman*, 645 F. App'x 922 (11th Cir. 2016).

In July 2020, Roman filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act ("FSA").[1]  The District Court denied the motion.  Roman now appeals that denial, arguing that the District Court abused its discretion in determining that no "extraordinary and compelling" reasons supported his release and in misapplying the 18 U.S.C. § 3553(a) sentencing factors.

I.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (citation omitted).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination,

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (citation and quotation marks omitted).

## II.

A district court may only reduce a defendant's sentence to the extent permitted by § 3582(c).  Section 3582(c)(1)(A) permits reduction if the district court (1) first considers the applicable § 3553(a) factors, (2) finds that "extraordinary and compelling reasons warrant such a reduction," and finds (3) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Before § 603(b) of the FSA amended § 3582(c)(1)(A), defendants could not move on their own to have their sentences reduced.  Such reductions could only be granted "upon motion of the Director of the Bureau of Prisons ["BOP"]." § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018).  The applicable Sentencing Commission policy statement—U.S.S.G. § 1B1.13—was not amended along with § 3582(c)(1)(A), so it reflects the pre-FSA state of things.  For instance, it still states that § 3582(c)(1)(A) reductions can be granted "[u]pon motion of the Director of the Bureau of Prisons," without mentioning that defendants can now also move for reduction.  § 1B1.13

Roman seizes on this mismatch between § 3582(c)(1)(A)'s amended language and § 1B1.13's unamended language and argues that § 1B1.13 no longer

3

applies to § 3582(c)(1)(A) motions, at least insofar as they're filed by defendants rather than the BOP Director.  If Roman is right, then district courts aren't bound by § 1B1.13's exclusive list of extraordinary and compelling reasons when ruling on § 3582(c)(1)(A) motions filed by defendants.  This opens the door for Roman's ultimate argument, which is that the District Court abused its discretion by not considering whether his health conditions together with the COVID-19 pandemic present extraordinary and compelling reasons for his release, even if they don't fall within § 1B1.13's list.

But Roman's argument is foreclosed by our recent decision in *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), where we held that § 1B1.13's list of extraordinary and compelling reasons still applies to § 3582(c)(1)(A) motions regardless of who brings them.  We also held that § 1B1.13's catch-all—which provides that § 3582(c)(1)(A) motions can be granted on the basis of extraordinary and compelling reasons determined by the BOP Director to exist in the defendant's particular case, even if they're not among those specifically enumerated[2]—still means what it says and no more.  *Bryant*, 996 F.3d at 1264–65.  That is to say that the FSA amendment did not give district courts the same power to recognize unenumerated circumstances as extraordinary and compelling.  *Id.*

---

[2] § 1B1.13 cmt. n.1(D).

Therefore, Roman must show that the District Court abused its discretion in concluding that his medical issues did not fall within § 1B1.13's list of extraordinary and compelling circumstances.  The only circumstance that arguably applies is when a defendant is "suffering from a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  § 1B1.13 cmt. n.1(A)(ii).  But Roman's health conditions fall short of the sort of "serious physical or medical condition[s]" contemplated in § 1B1.13.  Since Roman in no way showed that his headaches, back pain, and cartilage problems were intractable or that they "substantially diminishe[d] [his] ability . . . to provide self-care," we conclude the District Court did not abuse its discretion in this respect.[3]

Roman also argues the District Court misapplied the § 3553(a) factors.[4]  But his argument depends on the premise that the District Court erroneously concluded

_____

[3] Roman mentions his obesity for the first time on appeal and argues that the District Court abused its discretion by not granting his motion on the basis of his obesity.  Since Roman never identified obesity as a circumstance supporting his motion for compassionate release before the District Court, this certainly wasn't an abuse of discretion.

[4] Roman also argues the District Court abused its discretion by failing to take judicial notice of *Hallinan et. al. v. Scarantino, Warden*, Case No. 5:20-hc-02088-FL, 2020 U.S. Dist. LEXIS 103409 (E.D.N.C., May 26, 2020), a decision he contends would have shown that his risk of contracting COVID-19 in the particular prison where he was confined was great.  But "a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Thomas v. Evans*, 880 F.2d 1235, 1241 (11th Cir. 1989) (quoting *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir. 1982)) (quotation marks omitted).  Roman asked the District Court to take

that his case didn't present extraordinary and compelling circumstances. His argument is that "the district court's incorrect reliance on the provisions of 1B1.13, to determine whether extraordinary and compelling reasons existed . . . precluded the court from reasonably and adequately weighing the 3553(a) factors." That means Roman's § 3553(a) argument falls together with his argument respecting the applicability of § 1B1.13.

For the foregoing reasons, the District Court's denial of Roman's § 3553(c)(1)(A) motion is

**AFFIRMED.**

---

judicial notice of a case in a different court and to which he was not a party. It was not an abuse of discretion to deny Roman's request.